People v Espino (2020 NY Slip Op 00247)





People v Espino


2020 NY Slip Op 00247


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10779 1331/09

[*1] The People of the State of New York, Respondent,
v
Raul Espino, Defendant-Appellant.


Center for Appellate Litigation, New York (Robert S. Dean of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about September 20, 2016, which denied defendant's CPL 440.30(1-a)(a)(2) motion for DNA testing, unanimously affirmed.
The motion court properly determined that defendant, who entered a plea of guilty to second-degree burglary in 2010, is not eligible to apply for postconviction DNA testing. First, defendant was never charged with, or convicted of, any of the enumerated offenses that render the statute applicable where a defendant has pleaded guilty (see CPL 440.30[1-a][a][2]). Second, the provision for postplea DNA testing only apples to defendants who, unlike this defendant, entered a plea of guilty on or after August 1, 2012 (see L 2012, ch 55, part A, § 2). Third, defendant is essentially asking for retesting of evidence that has already been tested, and the statute does not provide for such retesting (see People v Witherspoon, 156 AD3d 828, 828-29 [2d Dept 2017], lv denied 31 NY3d 988 [2018]).
Further, defendant failed to show a substantial probability that the retesting would have established defendant's actual innocence, which is the statutory standard in postplea cases. As noted by the motion court, there was significant evidence of defendant's guilt. In reference to burglaries at two buildings, defendant was captured on video at the scene, wearing the same jacket as when he was arrested (and apparently with the same glasses). Defendant also admitted to the police that he was the person depicted in the videos and made inculpatory statements concerning his presence at all three buildings.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK